IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § | |
| Plaintiff, | § § | C.A. No. 4:21-cv-02910 |
| vs. | § § § | |
| NABIL PENA, | § § § | |
| Defendant. | § § | |

# COMPLAINT

Plaintiff Unum Life Insurance Company of America ("Unum") files this Complaint and states:

## PARTIES

**1.     Plaintiff.**  Plaintiff Unum is a Maine corporation with its principal place of business in Portland, Maine.

**2.     Defendant.**  Defendant Nabil Pena ("Pena") is a citizen of Texas and may be served with process at 7 N. Heritage Hill Circle, Spring, Texas 77381.

## JURISDICTION AND VENUE

**3.     Jurisdiction.**  This Court has exclusive jurisdiction over this action under 29 U.S.C. § 1132(e)(1), as this is an action to obtain appropriate equitable relief to enforce the terms of an employee welfare benefit plan.  The Court also has jurisdiction under 28 U.S.C. § 1331, as Unum's claims arise under the laws of the United States.

4. **Venue.**  Venue is proper in this Court under 29 U.S.C. § 1132(e)(2), as Pena resides in or may be found in this district.

## FACTUAL ALLEGATIONS

5. **The Group Policy.**  Unum issued its group insurance policy no. 341431 (the "Group Policy") to PQ Corporation ("Employer").  As an employee of Employer, Pena enrolled for and was provided coverage under the Group Policy.  The Group Policy is part of a welfare benefit plan governed by ERISA.  Significant to this dispute, the Group Policy provides, among other things, as follows:

> SECTION II – DEFINITIONS
> \*\*\*
> "Indexed pre-disability earnings" means the insured's basic monthly earnings in effect just prior to the date his disability began adjusted on the first anniversary of benefit payments and each following anniversary.  Each adjustment will be based on the lesser of 10% or the current annual percentage increase in the Consumer Price Index.
>
> \*\*\*
>
> "Partial disability" or "partially disabled" mean that because of injury or sickness the insured, while unable to perform the material duties of his regular occupation on a full-time basis, is:
>
> 1. Performing at least one of the material duties of his regular occupation or another occupation on a part-time or full-time basis; and
>
> 2. Earning currently at least 20% less per month that his indexed pre-disability earnings due to the same sickness or injury.

SECTION IV – BENEFITS

***

PARTIAL DISABILITY

When proof is received that an insured is partially disabled within 31 days of the end of a period during which he received disability benefits the Company will pay a monthly benefit. The partial disability must result from the injury or sickness that caused the disability.

FOR ALL EMPLOYEES EXCEPT POTTER INDUSTRIES, INC.

The monthly benefit will be an amount equal to the lesser of:

1.  50% of the insured's basic monthly earnings; or

2.  70% of the insured's basic monthly earnings less other income benefits shown below; or

3.  The maximum monthly benefit shown in the policy specifications.

***

But if the insured is earning more than 20% of his indexed pre-disability earnings in his regular occupation or another occupation, the following formula will be used to figure the monthly benefit.

$$(A \text{ divided by } B) \times C$$

A = The insured's "indexed pre-disability earnings" minus the insured's monthly earnings received while he is disabled.

B = The insured's "indexed pre-disability earnings".

C = The benefit as figured above.

The benefit payable will never be less than the minimum monthly benefit shown in the policy specifications.

Proof of the insured's monthly earnings must be given to the Company on a quarterly basis. Benefits payments will be adjusted upon receipt of this proof of earnings.

***

TERMINATION OF DISABILITY BENEFITS

Disability benefits will cease on the earliest of:

1. the date the insured is no longer disabled;
2. the date the insured dies;
3. the end of the maximum benefit period;
4. the date the insured's current earnings exceed 80% of his indexed pre-disability earnings.

6. **The Claim.** During 1998, Pena applied for long-term disability benefits under the Group Policy. Unum found that Pena was disabled under the terms of the Group Policy as of March 14, 1998 and began paying him benefits after the expiration of the Elimination Period.

7. **The Overpayment.** Unum subsequently learned that Pena was working and requested his financial and tax information. Although Pena delayed in providing this information, once it was finally received Unum learned for the first time Pena was no longer entitled to benefits under the terms and provisions of the Group Policy because of his earnings. Accordingly, by letter dated September 25, 2020, Unum advised Pena that he was no longer entitled to benefits under the Group Policy and that he had received an overpayment of disability benefits of at least $144,695.00 (the "Overpayment"), which Unum demanded be repaid. As of the date of the filing of this Complaint, and notwithstanding demand, Pena has failed and refused, and continues to fail and refuse, to repay the Overpayment to Unum.

## CLAIMS FOR RELIEF

8. **Constructive Trust/Equitable Restitution.** Pena has possession and control of certain disability income benefits, which are separate, identifiable funds that in good conscience do not belong to him. Pursuant to 29 U.S.C. § 1132(a)(3), Unum as a

fiduciary seeks to impose a constructive trust and/or equitable lien on these benefits he was not entitled to keep under the Group Policy and an order transferring those funds to Unum for equitable restitution in the amount of the Overpayment to enforce the terms of the Group Policy.

9. **Unjust Enrichment.** Pena has been unjustly enriched by virtue of his retention of the disability income benefits, which he is not entitled to retain under the terms of the Group Policy. As such, Unum seeks to recover the Overpayment as Pena has been unjustly enriched by keeping benefits beyond those to which he is entitled.

10. **Breach of Contract.** In the alternative, in the event Unum is not entitled to restitution of the Overpayment as an equitable remedy, Unum sues Pena for breach of contract. Specifically, Pena was obligated under the terms of the Group Policy to report his income to Unum. Pena's breach of the contract has damaged Unum in the amount of the Overpayment, for which it now sues.

11. **Attorneys' Fees.** Unum is entitled to recover its reasonable and necessary attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and/or Tex. Civ. Prac. & Rem. Code § 38.001.

## PRAYER

12. **Relief Requested.** Unum respectfully requests the following relief:

    (a) That Pena be required to answer the Complaint in the time and manner prescribed by law;

    (b) That Unum recover the Overpayment made to Pena;

    (c) That Unum recover its reasonable and necessary attorneys' fees and court costs;

**(d)** That Unum recover pre-judgment and post-judgment interest as provided by law; and

**(e)** That Unum have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: */s/ Bill E. Davidoff*
   Bill E. Davidoff
   State Bar No. 00790565
   So. Dist. No. 19513
   Attorney-in-Charge
   bill.davidoff@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
Tel: 214.939.2000
Fax: 214.939.2090

ATTORNEYS FOR PLAINTIFF UNUM LIFE INSURANCE COMPANY OF AMERICA