IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § | |
| *Plaintiff,* | § § | |
| V. | § § | C.A. NO. 4:21-cv-02910 |
| NABIL PENA, | § § § | |
| *Defendant.* | § | |

**DEFENDANT NABIL PENA'S ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT AND COUNTERCLAIM**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendant Nabil Pena ("Defendant Pena") files his Original Answer to Plaintiff Unum Life Insurance Company of America's ("Plaintiff") Complaint and his Counterclaim against Plaintiff Unum Life Insurance Company of America seeking relief as requested below. Defendant Nabil Pena answers the allegations made against him in Plaintiff's Complaint as follows:

**I. ANSWER**

1. Defendant Pena is unable to admit or deny the allegation in Paragraph 1 but does not contest it.

2. Defendant Pena admits the allegations in Paragraph 2.

3. Defendant Pena admits that the Court possesses jurisdiction over this action but denies that Plaintiff's request for relief is appropriate as alleged in Paragraph 3.

4. Defendant Pena admits the allegations in Paragraph 4.

5. Defendant Pena admits the allegations in Paragraph 5.

6. Defendant Pena admits the allegations in Paragraph 6.

7. Defendant Pena admits part of the allegations in the first two sentences of Paragraph 7 in that Defendant Pena did provide the Plaintiff with certain financial and tax information. Defendant admits the remainder of Paragraph 7 except he denies that any benefits were overpaid to him.

8. Defendant Pena denies the first sentence of paragraph 8. Defendant Pena is unable to admit or deny the second sentence of Paragraph 8 in that it is merely argument.

9. Defendant Pena denies the allegations of Paragraph 9.

10. Defendant Pena denies the allegation in Paragraph 10 that Plaintiff is entitled to the remedy it seeks. Defendant Pena denies that Plaintiff is appropriately suing for breach of his contract. Defendant Pena denies that Plaintiff may recover monetary damages.

11. Defendant Pena denies that Plaintiff's claims entitle Plaintiff to recover in its own name.

## II. COUNTERCLAIM

Counter-Plaintiff Nabil Pena ("Pena") files this Counterclaim against Counter-Defendant Unum Life Insurance Company of America ("Unum") and would show the Court the following:

### A.   BACKGROUND FACTS

12. This suit arises from an insurance Group Policy No 341431 (the "Group Policy") issued to PQ Corporation ("Employer"). As an employee of Employer, Defendant Nabil Pena, as a plan "participant," was provided coverage for long-term disability under the Group Policy. During this time, Defendant Pena was diagnosed with a degenerative back disease and could no longer perform his job duties as a "Senior Technical Sales Representative," a technical engineer, that included extensive travel across North America while at PQ Corporation.

13. Defendant Nabil Pena applied for Long Term Disability benefits in 1998 under the Group Policy. Unum determined that Defendant Pena was disabled under the terms of the Group Policy as of March 14, 1998 for which benefit payments commenced after the expiration of the Elimination Period, and granted Pena's application for Long Term Disability Benefits. Defendant Pena resigned from PQ Corporation and left with long-term disability status.

14. Every few years since then, Unum requests financial information or requires Pena to submit to physical examination. Pena has complied with those requests. After initial resistance and thinly veiled threats to discontinue

benefits by Unum, Unum has always dropped this inquisition and the long-term disability benefits continue.

15. This is, of course, because Pena remains disabled and is unable to work.

16. In 2020, however, Unum once again sought to discontinue payment of those long-term disability payments to Pena, this time incorrectly alleging that Pena was working or earning excessive income or both. By letter dated September 25, 2020, Unum advised Pena that it had decided that it was no longer going to make the disability payments under the Group Policy to Pena. Based on that determination, Unum discontinued the disability benefit payments to Pena. Adding insult to injury, Unum declared that it had incorrectly paid benefits to Pena before its September 2020 determination and sought to extract this alleged overpayment of disability benefits.

17. Unum's actions are unjustified and constitute a wrongful denial of benefits to him, a breach of contract, and a violation of Unum's fiduciary duty to Pena.

18. Pena has suffered economic losses because of Unum's actions, including the cessation of payment of disability benefits, and non-economic damages such as mental anguish, loss of peace of mind, and emotional well-being.

### III. WRONGFUL DENIAL OF BENEFITS

19. This action is brought under 29 U.S.C. 1132(a)(B) to recover benefits due to him as a participant under the Group Policy, to enforce his rights under the terms of the Group Policy, and to clarify his rights to future benefits under the terms of the Group Policy.

20. Pena is entitled to the disability benefits as outlined in the Group Policy.

21. Unum's determination and ostensible rationale for the discontinuation of benefits are without merit. The disability benefits should have continued.

22. As a result of Unum's wrongful denial of disability benefits, Unum is liable for compensatory, statutory, and liquidated damages under 29 USC 1132 (g) for all unpaid contributions, interest on the unpaid contributions, attorney's fees, costs, and any other legal or equitable relief as the Court deems appropriate.

### IV. BREACH OF FIDUCIARY DUTY

23. Unum owes a fiduciary duty to participants under the Group Policy. Its wrongful discontinuation of benefits constitutes a breach of that fiduciary duty.

24. As a result of Unum's breach of fiduciary duty, Unum is liable for compensatory, statutory, and liquidated damages under 29 USC 1132 (g) for all unpaid contributions, interest on the unpaid contributions, attorney's fees, costs, and any other legal or equitable relief as the Court deems appropriate.

### V. BREACH OF CONTRACT

25. Per the terms of the Group Policy, Unum and Pena entered into a valid enforceable contract. By creating a subterfuge for the discontinuation of those benefits and, stopping the disability benefit payments, Unum has breached that contract, in bad faith and without excuse.

26. That breach has caused damages to Pena for which he will be liable for all unpaid contributions.

## VI. ATTORNEY'S FEES, PREJUDGMENT INTEREST, AND COSTS

27. Pena further seeks the recovery of attorney's fees and costs under 29 U.S.C. 1132(g).

28. Unum is further liable for prejudgment interest under Rule 54 of the Federal Rules of Civil Procedure and 29 U.S.C. 1132(g).

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Defendant/ Counter-Plaintiff Nabil Pena respectfully requests that after final trial by jury, the Court issue Judgment in favor of Pena and against Plaintiff/Counter-Defendant Unum:

a. Awarding Pena a take nothing Judgment;

b. Awarding Pena compensatory, statutory, and liquidated damages under 29 USC 1132 for all unpaid contributions and interest on the unpaid contributions;

c. Awarding Pena attorney's fees and costs, including all litigation costs; and

d. Such other and further relief to which Pena may be justly entitled.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE,
  WILLIAMS & AUGHTRY, P.C.**

By: */s/ David N. Calvillo*
David N. Calvillo
State Bar No.: 03673000
Southern District No. 11431
David.Calvillo@ChamberlainLaw.com
1200 Smith, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Telecopier: (713) 658-2553

**ATTORNEY FOR DEFENDANT
NABIL PENA**

*Of Counsel:*

Juan F. Vasquez
State Bar No. 24033294

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading has been served to the following counsel of record on November 18, 2021:

Mr. Bill Davidoff                          ***VIA EMAIL:*** *Bill.Davidoff@Figdav.com*
FIGARI & DAVENPORT
901 Main Street, Suite 3400
Dallas, Texas 75202

*/s/ David N. Calvillo*
David N. Calvillo

4319768.v6