IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, § § § | |
| Plaintiff, § § | C.A. No. 4:21-cv-02910 |
| vs. § § | |
| NABIL PENA, § § | |
| Defendant. § | |

**PLAINTIFF UNUM LIFE INSURANCE COMPANY OF AMERICA'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff Unum Life Insurance Company of America ("Unum Life") files this motion to dismiss the counterclaims asserted against it by Defendant Nabil Pena ("Pena") in his Original Complaint and Counterclaim (Doc. 14, "Counterclaim"), and states:

**NATURE OF THE CASE**

Unum Life filed this lawsuit seeking to recover an overpayment of disability benefits paid to Pena under a group policy governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically, Unum Life issued its group policy no. 341431 (the "Group Policy") to PQ Corporation ("PQ").  As an employee of PQ, Pena enrolled for and was provided coverage under the Group Policy.  During 1998, Pena applied for long-term disability benefits under the Group Policy.  Unum Life determined that Pena was disabled under the terms of the Group Policy and paid him long term disability benefits for a period of time.  However, Unum Life subsequently learned that

Pena had not disclosed that he was working and the income from his employment. Unum Life reviewed that information and determined Pena was no longer entitled to further disability benefits and that it had overpaid him benefits because he had failed to disclose this information. Unum Life then filed this lawsuit seeking to recover the overpayment.

In response, Pena filed his Counterclaim asserting the following causes of action <u>all</u> based on his allegation that Unum Life wrongfully found that he was not entitled to further benefits under the Group Policy: (1) alleged violation of 29 U.S.C. § 1132(a)(B), (2) breach of fiduciary duty under ERISA, and (3) breach of the Group Policy. [Counterclaim ¶¶ 19 – 26.] Significantly, with respect to each cause of action, Pena seeks the payment of disability benefits under the Group Policy as damages.

As set forth below, Pena's counterclaims should be dismissed because (1) he failed to exhaust his administrative remedies, (2) his claim for breach of fiduciary duty is duplicative of his claim for benefits under 29 U.S.C. § 1132(a)(B), and (3) his breach of contract claim is preempted by ERISA.

## **STANDARD OF REVIEW**

To survive a motion to dismiss, the Counterclaim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In turn, a claim is only plausible on its face "when the [counter]plaintiff pleads factual content that allows the court to draw the reasonable inference that the [counter]defendant is liable for the misconduct alleged." *Id.* The Supreme Court has held that these pleading standards are necessary to weed out improper ERISA claims. *See Fifth*

*Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471 (2014) ("one important mechanism for weeding out meritless claims is the motion to dismiss for failure to state a claim").

## BACKGROUND FACTS

Pena admits that the Group Policy is part of an ERISA plan established and maintained by PQ. [Counterclaim ¶¶ 5, 12 and 19.] Pena also admits that he applied for long-term disability benefits under the Group Policy in 1998, Unum Life determined that he was eligible for those benefits and paid them for a period of time, and by letter dated September 25, 2020, Unum Life determined that he was no longer eligible for additional benefits and had overpaid him past benefits because he had failed to disclose that he was working and his income. [Counterclaim ¶¶ 7, 13, and 16.]

## ARGUMENT

1. **PENA'S CLAIM FOR BENEFITS PURSUANT TO §1132(A)(1)(B) MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Section 1132(a)(1)(B) provides the exclusive avenue for an ERISA plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Therefore, Pena's only available remedy, if any, is under this section. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146-47 (1985).

A claimant seeking benefits from an ERISA plan must first exhaust available administrative remedies before bringing suit to recover benefits. *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018-1019 (5th Cir. 2009); *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000).

Exhaustion of administrative remedies is an absolute requirement in the Fifth Circuit. *See, e.g., Battles v. Dearborn Nat'l Life Ins. Co.*, No. 1:19-cv-00078, 2020 WL 6379332, at *3 (W.D. Tex. Aug. 20, 2020) ("ERISA claimants are required to exhaust administrative remedies prior to filing a lawsuit") (citing *Denton v. First Nat'l Bank of Waco,* 765 F.2d 1295, 1301 (5th Cir. 1985)); *Hernandez v. Metropolitan Life Ins. Co.*, No. 5:19-cv-37-DAE, 2019 WL 11555188, at *3 (W.D. Tex. June 25, 2019) ("[t]he Fifth Circuit requires claimants seeking benefits under an ERISA plan to first exhaust available administrative remedies under the plan before bringing suit to recover benefits") (citing *Coop Benefit Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 336 (5th Cir. 2004)).  Moreover, a claimant's failure to exhaust his administrative remedies is "proper grounds for granting a motion to dismiss for failure to state a claim." *Id.* (citing *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993)).

Here, Pena has not alleged that he has exhausted his administrative remedies and cannot do so since he did not appeal Unum Life's claim decision that he was not entitled to additional benefits under the Group Policy, and his deadline for doing so (*i.e.*, December 24, 2020) has long since passed.  Accordingly, Pena cannot state a claim for benefits under ERISA, and his Section 1132(a)(1)(B) claim should be dismissed with prejudice.

2. **PENA'S CLAIM FOR BREACH OF FIDUCIARY DUTY MUST BE DISMISSED**

Other than vague assertions in the Counterclaim, Pena does not specify what conduct by Unum Life constitutes a breach of its fiduciary duties under ERISA. Regardless, a claimant may pursue a breach of fiduciary duty claim under ERISA *only* when no other relief is available or adequate to remedy the claimant's alleged injury. *Varity*

*Corp. v. Howe,* 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1995); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir.1998) (citing *Tolson v. Avondale Indus., Inc.,* No. CIV. A. 97–0896, 1997 WL 539919, at *7 (E.D.La. Aug. 29, 1997)). Here, Pena's fiduciary claim against Unum Life under ERISA is duplicative of Pena's claim for the long-term disability benefits and must be dismissed. *Compare* Counterclaim ¶ 22 and ¶ 24 (Pena seeks the very same relief for his breach of fiduciary duty claim as he is seeking for his claim for benefits). Accordingly, Pena would have a remedy available under 29 U.S.C. § 1132(a)(1)(B) for his alleged injury (*i.e.*, an award of benefits) and is prohibited from also bringing a breach of fiduciary duty claim seeking the same relief.[1] *Tolson,* 141 F.3d at 610.

### 3. PENA'S BREACH OF CONTRACT CLAIM IS PREEMPTED BY ERISA

As set forth above, Pena has admitted his claim for benefits is governed by ERISA. Accordingly, Pena's state law claim for breach of contract is preempted by ERISA and should be dismissed. *See, e.g., Harvey v. United of Omaha Life Ins. Co.*, No. 6:20-cv-120, 2021 WL 465427, at *2-3 (E.D. Tex. Feb. 9, 2021) (granting motion to dismiss claimant's breach of contract claim because it was preempted by ERISA); *Spinoso v. Blue Cross and Blue Shield of Tex.*, No. 4:19-cv-3482, 2020 WL 5039498, at *1 (S.D. Tex. Aug. 26, 2020) (same); *Hernandez*, 2019 WL 2563836, at *5-6 (same).

### RELIEF REQUESTED

For the reasons set forth above, Pena's Counterclaim should be dismissed.

---

[1] Additionally, the Fifth Circuit has held that the exhaustion of administrative remedies requirement is applicable to breach of fiduciary duty claims under ERISA where, as here, it is nothing more than a disguised benefit claim. *See, e.g., Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990). Pena's breach of fiduciary duty claim should be dismissed for this reason as well.

Respectfully submitted,

By: */s/ Bill E. Davidoff*
      Bill E. Davidoff
      Attorney-in-Charge
      SBN 00790565
      S.D. No.: 19513
      bill.davidoff@figdav.com

FIGARI +DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000 – Tel.
(214) 939-2090 – Fax

ATTORNEYS FOR UNUM LIFE INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

    I hereby certify that on December 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

          */s/ Bill E. Davidoff*
          Bill E. Davidoff